

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL L. BENOV,<br><br>Respondent. | Case No. 1:13-cv-01973 AWI MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 19]** |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302-304. Pending before the Court is the Respondent's May 20, 2014, motion to dismiss the petition as moot. Petitioner filed an opposition to the motion on June 11, 2014.

I.    **BACKGROUND**

Petitioner, an inmate of the Taft Correctional Institution (TCI), challenges the disallowance of ninety-one (91) days of good conduct time credit that Petitioner suffered as a result of three separate prison disciplinary findings, made at TCI on or about May 13, 2013 and June 14 and 28, 2013, respectively. In all three instances, Petitioner was engaged in prohibited conduct by tattooing or self-mutilation. (ECF No. 19-1, Attach. 2.)

Petitioner suffered a loss of twenty-seven (27) days of good conduct time for each of the first two offenses and forty-one (41) days of good credit time for the last offense. Petitioner challenges the loss of credit and seeks invalidation of the sanctions.

Petitioner raises the following claims in the petition: 1) because the disciplinary hearing officer (DHO) was not an employee of the Federal Bureau of Prisons (BOP) and thus lacked the authority to conduct the disciplinary hearings and make findings resulting in punishment, including disallowance of good time credit, Petitioner suffered a violation of his right to due process of law; and 2) because the DHO was not an employee of the BOP but rather was an employee of a private entity with a financial interest in the disallowance of good time credits, Petitioner's due process right to an independent and impartial decision maker at the disciplinary hearings were violated. (Id. at 1-9.)

Respondent moves for dismissal of the petition as moot because on April 8, 2014, the disciplinary charges were reheard via teleconference by a certified disciplinary hearing officer of the BOP. At the rehearing, the BOP DHO found that Petitioner had committed the prohibited misconduct, and she assessed the same disallowance of good conduct time credit (twenty-seven days) for all three incident reports, thereby reducing his loss of good time credits from 95 to 81 days. (Decl., ECF No. 19.)

## II.    MOOTNESS

Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70-71, 104 S. Ct. 373, 78 L. Ed. 2d 58 (1983). Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable judicial decision. Id. A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v.

2

1  Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1,

2  7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998)). Mootness is jurisdictional. See, Cole v.

3  Oroville Union High School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a

4  moot petition must be dismissed because nothing remains before the Court to be

5  remedied. Spencer v. Kemna, 523 U.S. 1, 18, 118 S. Ct. 978, 140 L. Ed. 2d 43.

6       Here, documentation submitted by Respondent in support of the motion to

7  dismiss demonstrates that the claims initially alleged by Petitioner are no longer in

8  controversy. The charges were reheard by an officer who had the precise qualifications

9  that Petitioner had alleged were required due process principles and pertinent

10 regulations. It is undisputed that the findings and sanctions that constituted the object of

11 Petitioner's challenges in the petition have now been superseded by the findings and

12 sanctions of the certified BOP DHO.

13      When, because of intervening events, a court cannot give any effectual relief in

14 favor of the petitioner, the proceeding should be dismissed as moot. Calderon v. Moore,

15 518 U.S. 149, 150, 116 S. Ct. 2066, 135 L. Ed. 2d 453 (1996). In the present case, it

16 appears that the only relief that Petitioner sought was invalidation of the findings and

17 associated sanctions. It has been demonstrated that the rehearing of the incident report

18 by an indisputably qualified DHO has effectuated the relief sought by Petitioner. Thus, it

19 is no longer possible for this Court to issue a decision redressing the injury.

20      Petitioner argues that the controversy is not moot because the rehearing was part

21 of disciplinary proceedings that were wholly invalid or unconstitutional. The asserted

22 invalidity is based on the fact that in the earlier stages of the disciplinary process,

23 employees of the private prison management company, who did not constitute BOP

24 staff, participated in violation of various regulations, including 28 C.F.R. § 541.5, which

25 requires "staff" to witness or suspect a violation and issue an incident report, 28 C.F.R. §

26 541.5(a); requires a "Bureau staff member" to investigate the incident report, 28 C.F.R. §

27 541.5(b); and directs that it is "staff" who ordinarily serve on a unit disciplinary

28 committee, a body which considers disciplinary charges before the charges are heard by

a DHO, § 541.7(b). Petitioner argues that the hearing and rehearing process evinced deliberate indifference to his liberties and violated his Fifth Amendment right to equal protection of the laws and his Eighth Amendment right to be free from cruel and unusual punishment.

However, the documentation attached to the motion to dismiss shows that the BOP DHO considered not only the incident report and investigation, including photographic evidence, but also Petitioner's admissions of the truth with two of the incident reports made during the original hearing, and at the rehearing before the BOP DHO. (ECF No. 19, Attach. 3.) The photographs and Petitioner's repeated admissions provide strong and independent support for the finding of misconduct and also undercut Petitioner's general allegation that he suffered a taint from the participation of non-BOP staff in the earlier stages of the disciplinary process.

Further, the documentation establishes that Petitioner received all procedural due process due under Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). Procedural due process of law requires that where the state has made good time subject to forfeiture only for serious misbehavior, then prisoners subject to a loss of good-time credits must be given advance written notice of the claimed violation, a right to call witnesses and present documentary evidence where it would not be unduly hazardous to institutional safety or correctional goals, and a written statement of the finder of fact as to the evidence relied upon and the reasons for disciplinary action taken. Wolff v. McDonnell, 418 U.S. at 563-64. Further, if the inmate is illiterate, or the issue so complex that it is unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, the inmate should have access to help from staff or a sufficiently competent inmate designated by the staff. However, confrontation, cross-examination, and counsel are not required. Wolff, 418 U.S. at 568-70. Where good-time credits are a protected liberty interest, the decision to revoke credits must also be supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985).

Here, Petitioner's admission of responsibility with regard to the incident report precludes any claim of a lack of evidence to support the disciplinary finding. Likewise, the documentation shows that Petitioner received adequate notice; waived witnesses, staff representation, and presentation of evidence; and received a written statement of the decision. (ECF No. 18, Attach. 3.) From these circumstances, the Court concludes that Petitioner has not suffered any prejudice from either participation of non-BOP staffers in the earlier stages of the disciplinary process or any delay experienced in the course of the rehearing process.

Generally a failure to meet a prison guideline regarding a disciplinary hearing would not alone constitute a denial of due process. See Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989). In the absence of controlling authority, the Court notes that several courts have concluded that to establish a denial of due process of law, prejudice is generally required. See Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993) (proceeding pursuant to 28 U.S.C. § 2254); see also Tien v. Sisto, Civ. No. 2:07 cv-02436-VAP (HC), 2010 U.S. Dist. LEXIS 39749, 2010 WL 1236308, at *4 (E.D.Cal. Mar. 26, 2010) (recognizing that while neither the United States Supreme Court nor the Ninth Circuit Court of Appeals has spoken on the issue, numerous federal Courts of Appeals, as well as courts in this district, have held that a prisoner must show prejudice to state a habeas claim based on an alleged due process violation in a disciplinary proceeding, and citing Pilgrim v. Luther, 571 F.3d 201, 206 (2d Cir. 2009); Howard v. United States Bureau of Prisons, 487 F.3d 808, 813 (10th Cir. 2007); Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003); Elkin v. Fauver, 969 F.2d 48, 53 (3d Cir. 1992); Poon v. Carey, no. Civ. S 05 0801 JAM EFB P, 2008 U.S. Dist. LEXIS 105665, 2008 WL 5381964, *5 (E.D.Cal. Dec. 22, 2008); and Gonzalez v. Clark, no. 1:07 CV 0220 AWI JMD HC, 2008 U.S. Dist. LEXIS 82011, 2008 WL 4601495, at *4 (E.D.Cal. Oct. 15, 2008)); see also Smith v. United States Parole Commission, 875 F.2d 1361, 1368-69 (9th Cir. 1989) (holding in a § 2241 proceeding that a prisoner, who challenged the government's delayed compliance with a procedural regulation that

1   required counsel to be appointed before a record review in parole revocation

2   proceedings, was required to demonstrate prejudice to be entitled to habeas relief);

3   Standlee v. Rhay, 557 F.2d 1303, 1307-08 (9th Cir. 1977) (stating that burden is on a

4   parolee to demonstrate that failure to permit a witness's live testimony at a revocation

5   hearing was so prejudicial as to violate due process).

6         In summary, the claims in the petition before the Court are no longer subject to

7   redress by the Court. Further, the factual accuracy of the findings on rehearing are not

8   seriously disputed, the record establishes that Petitioner received procedural due

9   process of law, and there is no indication that Petitioner suffered any legally cognizable

10   prejudice.

11         Although Petitioner now alleges that other details of the early stages of the

12   prison's disciplinary program were not conducted consistently with applicable

13   regulations, the foregoing analysis leads the Court to conclude that any such alleged

14   deficiencies did not bear on the legality or duration of Petitioner's confinement.  As such,

15   they do not fall within the core of habeas corpus jurisdiction.

16         A federal court may not entertain an action over which it has no jurisdiction.

17   Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Relief by way of a writ of

18   habeas corpus extends to a person in custody under the authority of the United States if

19   the petitioner can show that he is "in custody in violation of the Constitution or laws or

20   treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3). A habeas corpus action is

21   the proper mechanism for a prisoner to challenge the fact or duration of his confinement.

22   Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973);

23   Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1990) (holding in a Bivens action that a

24   claim that time spent serving a state sentence should have been credited against a

25   federal sentence concerned the fact or duration of confinement and thus should have

26   been construed as a petition for writ of habeas corpus pursuant to § 28 U.S.C. § 2241,

27   but that to the extent that the complaint sought damages for civil rights violations, it

28   should be construed as a Bivens action); Crawford v. Bell, 599 F.2d 890, 891-892 (9th

6

1   Cir. 1979) (upholding dismissal of a petition challenging conditions of confinement and

2   noting that the writ of habeas corpus has traditionally been limited to attacks upon the

3   legality or duration of confinement); see, Greenhill v. Lappin, 376 Fed. Appx. 757, 757-

4   58 (9th Cir. 2010) (unpublished) (holding that the appropriate remedy for a federal

5   prisoner's claim that relates to the conditions of his confinement is a civil rights action

6   under Bivens); but see Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (holding

7   that habeas corpus is available pursuant to § 2241 for claims concerning denial of good

8   time credits and subjection to greater restrictions of liberty, such as disciplinary

9   segregation, without due process of law); Cardenas v. Adler, no. 1:09-cv-00831-AWI-

10  JLT-HC, 2010 U.S. Dist. LEXIS 52556, 2010 WL 2180378 (E.D.Cal., May 28, 2010)

11  (holding that a petitioner's challenge to the constitutionality of the sanction of disciplinary

12  segregation and his claim that the disciplinary proceedings were the product of

13  retaliation by prison staff were cognizable in a habeas proceeding pursuant to § 2241).

14      Claims concerning prison conditions brought pursuant to § 2241 have been

15  dismissed in this district for lack of subject matter jurisdiction with indications that an

16  action pursuant to Bivens is appropriate. See, e.g., Dyson v. Rios, no. 1:10-cv-00382-

17  DLB (HC), 2010 U.S. Dist. LEXIS 97607, 2010 WL 3516358, *3 (E.D.Cal. Sept. 2, 2010)

18  (a claim challenging placement in a special management housing unit in connection with

19  a disciplinary violation); Burnette v. Smith, no. CIV S-08-2178 DAD P, 2009 U.S. Dist.

20  LEXIS 20219, 2009 WL 667199 at *1 (E.D.Cal. Mar. 13, 2009) (a petition seeking a

21  transfer and prevention of retaliation by prison staff); Evans v. U.S. Penitentiary, no.

22  1:07-CV-01611 OWW GSA HC, 2007 U.S. Dist. LEXIS 87181, 2007 WL 4212339 at *1

23  (E.D.Cal. Nov. 27, 2007) (claims brought pursuant to § 2241 regarding a transfer and

24  inadequate medical care).

25      Here, to the extent that any claims remain before the Court, the claims concern

26  conditions of confinement that do not bear a relationship to, or have any effect on, the

27  legality or duration of Petitioner's confinement. It has long been established that habeas

28  corpus should be used as a vehicle to determine the lawfulness of custody and not as a

writ of error. <u>See</u> <u>Eagles v. U.S. ex rel. Samuels</u>, 329 U.S. 304, 311-12 (1946), 67 S. Ct. 313, 91 L. Ed. 308. Habeas corpus proceedings are not an appropriate forum for claims regarding disciplinary procedures if the effect of the procedures on the length of the inmate's sentence is only speculative or incidental. <u>Sisk v. Branch</u>, 974 F.2d 116, 117-118 (9th Cir. 1992). The Court concludes that if any claims remain before the Court, they are not within the core of habeas corpus jurisdiction pursuant to 28 U.S.C. § 2241.

In summary, Petitioner has not asserted any factual or legal basis that would preclude a finding of mootness. The Court thus concludes that the matter is moot because the Court may no longer grant any effective relief. <u>See</u>, <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (holding that a habeas claim was moot where a former inmate sought placement in a community treatment center but was subsequently released on parole and no longer sought such a transfer); <u>Kittel v. Thomas</u>, 620 F.3d 949 (9th Cir. 2010) (dismissing as moot a petition seeking early release where the petitioner was released and where there was no live, justiciable question on which the parties disagreed).

Accordingly, it will be recommended that the Court grant the motion to dismiss the petition as moot.

## III.    RECOMMENDATIONS

Accordingly, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED as moot; and

2) The Clerk be DIRECTED to close the action.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen

(14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 14, 2014                          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE